IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DE FELICE, et al., | CASE NO. CV F 06-0048 AWI LJO |
| Plaintiffs, | **ORDER ON MOTION TO WITHDRAW AS COUNSEL AND TO SET SCHEDULING CONFERENCE** |
| vs. | (Docs. 28-35.) |
| CHUGACH MAINTENANCE SERVICES, et al., | Date: February 21, 2007<br>Time: 8:30 a.m. |
| Defendants. / | Dept.: 8 (LJO) |

**INTRODUCTION**

In this wrongful employment termination action, Kenneth Satin and his law firm The Accident Attorneys, P.L.C. (collectively "Mr. Satin") seek to withdraw as counsel for plaintiffs Alexi Zuniga, Joseph DeFelice, Jackie Malcomb and James Mamulu (collectively "plaintiffs") on grounds, among others, of irretrievable breakdown of the attorney-client relationship. This Court conducted a December 8, 2006 hearing on Mr. Satin's motion to withdraw. Mr. Satin appeared by telephone for himself. Plaintiffs Alexi Zuniga and Jackie Malcomb appeared by telephone for themselves. Defendants[1] appeared by telephone by counsel Mark E. Terman and Pascal Benyamini, Reish, Luftman, Reicher & Cohen. Defendants do not oppose Mr. Satin's withdrawal, and plaintiffs filed no timely papers to oppose Mr. Satin's withdrawal motion.

---

[1] Defendants are Chugach Management, Inc., Mel Lynch, Lori Frost, Mike Cowart, Rick Tate and Toby Cowart and will be referred to collectively as "defendants."

1

For the reasons discussed below, this Court:

1. GRANTS Mr. Satin's motion to withdraw as counsel for plaintiffs;
2. ORDERS Mr. Satin to provide plaintiffs all papers and property to which plaintiffs are entitled, to assist plaintiffs in transition to new counsel or to represent themselves, and to comply with other applicable laws and rules; and
3. SETS a scheduling conference for February 21, 2007 at 8:30 a.m. in Department 8 (LJO) of this Court.

## BACKGROUND

### Plaintiffs' Claims

On April 14, 2005, plaintiffs filed their Kern County Superior Court action to allege against defendants claims of employment termination and retaliation and fraud. On January 13, 2006, defendants removed plaintiffs' action to this Court. After defense challenges to plaintiffs' original complaint, plaintiffs proceed on their first amended complaint, to which defendants filed a May 15, 2006 answer. Mr. Satin apparently attempted to persuade plaintiffs to replace him with new counsel, and this Court monitored such progress to culminate in a September 26, 2006 status conference at which Mr. Satin committed to continue to represent plaintiffs, and this Court set an October 31, 2006 scheduling conference. After informing defense counsel and this Court that he was unable to continue to represent plaintiffs, Mr. Satin filed his papers to withdraw as plaintiffs' counsel on October 27, 2006. This Court vacated the October 31, 2006 scheduling conference, and discovery, motion and trial dates have not been set. Apparently, the parties have not made F.R.Civ.P. 26(a)(1) initial disclosures.

### Grounds For Withdrawal

In his papers, Mr. Satin enumerates many grounds for withdrawal and including:

1. "[S]erious unresolvable disagreements as to how to proceed which as led to the complete breakdown of the attorney-client relationship" and plaintiffs attempt to "influence the courses of action" that Mr. Satin should follow;[2]

---

[2] Mr. Satin notes that revealing supporting facts would disclose "client confidences" but that Mr. Satin "represents and certifies to the court that adequate grounds for withdrawal exist[] under one [or] more of the grounds specified in the California Code of Professional Responsibility."

2.     Mr. Satin did not anticipate removal to this Court and lacks experience and competence with federal litigation, procedure, law and court rules;

3.     Plaintiffs would be better served by an attorney "well versed in federal practice";

4.     Despite during the past year Mr. Satin's numerous explanations of inability to handle this action and requests, plaintiffs continue to refuse to secure other counsel and to permit Mr. Satin's withdrawal "absent certain conditions which cannot be revealed without violating client confidences";

5.     There is abundant time to secure new counsel given the absence of discovery, motion and trial dates;

6.     Mr. Satin should not be responsible "to reveal crucial evidence" in F.R.Civ.P. 26(a)(1) initial disclosures to new counsel's detriment;

7.     Denial of withdrawal would force Mr. Satin to violate ethical responsibilities;

8.     Mr. Satin's "health conditions" and "sudden private circumstances" have required Mr. Satin to shut down his law office, lay off staff and refer most of his cases to other attorneys;

9.     Mr. Satin does not want to endure the stress of this case and logistic difficulties arising from his Southern California location; and

10.     Defendants do not oppose Mr. Satin's withdrawal, which will not prejudice them.

**Service Of Withdrawal Motion Papers**

Mr. Satin notes that on October 26, 2006, he served his withdrawal motion papers by first class mail on each plaintiff at his/her last known addresses and included a "Please Forward" legend in bold letters on the envelopes. Mr. Satin further noted that plaintiff Alexi Zuniga ("Mr. Zuniga") has represented himself as "spokesman" for the other plaintiffs and that service of the withdrawal motion papers on Mr. Zuniga will ensure that the other plaintiffs are notified. According to Mr. Satin, the plaintiffs' mailing addresses are valid in that no prior correspondence has been returned. For further assurance, Mr. Satin mailed an additional set of his withdrawal motion papers to secondary addresses of three plaintiffs. Mr. Satin further indicates that his assistant telephoned three plaintiffs to verify their addresses and that the fourth plaintiff sent a recent letter showing his "primary" address to which Mr.

1  Satin mailed his withdrawal motion papers. Plaintiffs filed no timely papers to oppose Mr. Satin's
2  withdrawal.

### DISCUSSION

This Court's Local Rule 83-182(d) addresses attorney withdrawal and provides in pertinent part:

> . . . an attorney who has appeared may not withdraw leaving the client <u>in propria persona</u> without leave of Court upon noticed motion and written notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

California Rules of Professional Conduct, Rule 3-700(C) addresses permissive withdrawal and states in pertinent part:

> . . . a member may not request permission to withdraw in matters pending before a tribunal . . . unless such request or such withdrawal is because:
>
> (1) The client
>
>   (a) insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law, or
>
>   . . .
>
>   (c) insists that the [attorney] pursue a course of conduct that is illegal or that is prohibited under these rules or the State Bar Act, or
>
>   (d) by other conduct renders it unreasonably difficult for the [attorney] to carry out the employment effectively . . .
>
> (2) The continued employment is likely to result in a violation of these rules or of the State Bar Act; or
>
> . . .
>
> (4) The [attorney's] mental or physical condition renders it difficult for the [attorney] to carry out the employment effectively; or
>
> . . .
>
> (6) The [attorney] believes in good faith . . . that the tribunal will find the existence of other good cause for withdrawal.

California Code of Civil Procedure section 284 allows an attorney to be "changed at any time before or after judgment" upon "consent of both the client and attorney" or "order of the court" upon

4

notice to the client. "The question of granting or denying an application of an attorney to withdraw as counsel . . . is one which lies within the sound discretion of the trial court 'having in mind whether such withdrawal might work an injustice in the handling of the case.'" *People v. Prince*, 268 Cal.App.2d 398, 403-404, 74 Cal.Rptr. 197, 202-203 (1968) (citations omitted); *see Manfredi & Levine v. Superior Court*, 66 Cal.App.4th 1128, 1133, 78 Cal.Rptr.2d 494, 497 (1998) ("The determination whether to grant or deny a motion to withdraw as counsel lies within a trial court's sound discretion."); *People v. Brown*, 203 Cal.App.3d 1335, 1340, 250 Cal.Rptr. 762 (1988); *see The Statute of Liberty – Ellis Island Foundation, Inc. v. International United Industries, Inc.*, 110 F.R.D. 395, 397 (S.D.N.Y. 1986) (granting withdrawal because client failed to cooperate and pay legal expenses). "The office of attorney is one of the very highest confidence and when the client suspects and questions the good faith of his attorney the attorney should be permitted to withdraw from the case unless some very compelling reason exists for forcing him to continue with the ungrateful task." *Helpe v. Kluge*, 104 Cal.App.2d 461, 462, 231 P.2d 505 (1951).

Moreover, in *In re Woodcock*, 100 B.R. 520 (Bankr. E.D. Cal. 1989), the Bankruptcy Court of this Eastern District of California addressed attorney withdrawal under Local Rule 182(b), the predecessor to current Local Rule 83-182(d). The bankruptcy court noted that this Court's Local Rules "define the methods for making an appearance and the terms and conditions of withdrawal" and that withdrawals leaving a client unrepresented are governed by Local Rule 182(b) (current Local Rule 83-182(d)). *Woodcock*, 100 B.R. at 522. The bankruptcy court explained:

> Thus, counsel . . . may withdraw only if there is either (1) a substitution of a new counsel . . . or (2) a court order authorizing withdrawal, which order must be on motion noticed to the client and all other parties who have appeared and which is subject to the further requirement that counsel has taken reasonable steps to avoid foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with any other applicable laws and rules.

*Woodcock*, 100 B.R. at 523.

Here, Mr. Satin seeks to withdraw primarily based on what he characterizes as an unsalvageable breakdown in the attorney-client relationship and his inability to litigate in federal court. At the hearing, Mr. Zuniga confirmed the breakdown in the relationship between plaintiffs and Mr. Satin. Mr. Satin has made sufficient attempts to notify plaintiffs of his withdrawal motion, and there is no reason to believe

1 that they did not receive notice given that two of them appeared at the hearing.  Plaintiffs fail to
2 challenge Mr. Satin's withdrawal or its grounds and appear to have issues with Mr. Satin beyond the
3 grounds for his withdrawal.  According to Mr. Satin, plaintiffs have refused his requests to seek other
4 counsel although he explained to them his inability to represent them in federal court.  Defendants do
5 not oppose Mr. Satin's withdrawal, and no prejudice appears from Mr. Satin's withdrawal given that no
6 discovery, motion or trial dates are set.  On withdrawal, Mr. Satin is expected to provide plaintiffs all
7 papers and property to which they are entitled, to assist plaintiffs in transition to new counsel or to
8 represent themselves, and to comply with other applicable laws and rules.

## **CONCLUSION AND ORDER**

10   For the reasons discussed above, this Court:

11   1.   GRANTS Mr. Satin's motion to withdraw as counsel for plaintiffs;

12   2.   ORDERS Mr. Satin to provide plaintiffs all papers and property to which plaintiffs are
13        entitled, to assist plaintiffs in transition to new counsel or to represent themselves, and
14        to comply with other applicable laws and rules;

15   3.   SETS a scheduling conference for February 21, 2007 at 8:30 a.m. in Department 8 (LJO)
16        of this Court.  The parties are encouraged to appear at the mandatory scheduling
17        conference by telephone by arranging a one-line conference call and then adding the
18        Court at (559) 499-5680;

19   4.   ORDERS the parties, no later than February 14, 2007, to file a Joint Scheduling Report
20        which includes the information required by Exhibit A to the January 13, 2006 order
21        setting the original scheduling conference and to e-mail a copy of the Joint Scheduling
22        Report as an attachment to ljoorders@caed.uscourts.gov and formatted in WordPerfect
23        or Word;

24   5.   ORDERS the parties to otherwise comply with this Court's orders; and

25   6.   DIRECTS this Court's clerk to serve a copy of this order on plaintiffs as follows:

26   Alexi Zuniga
     3341 Wesson Road
27   Rapid City, SD 57703

28

1  Alexi Zuniga
   624 Rushworth
2  Edwards, CA 93523

3  Jackie Malcomb
   3341 Wesson Road
4  Rapid City, SD 57703

5  Jackie Malcomb
   3120 "E" Avenue, H-4
6  Lancaster, CA 93535

7  James Mamula
   3341 Wesson Road
8  Rapid City, SD 57703

9  James Mammula
   8012 Hemlock Street
10 California City, CA 93505

11 Joseph De Felice
   60600 151st East
12 Lancaster, CA 93535

13 Joseph De Felice
   3341 Wesson Road
14 Rapid City, SD 57703.

15     IT IS SO ORDERED.

16 **Dated:    December 8, 2006**              **/s/ Lawrence J. O'Neill**
   66h44d                                      UNITED STATES MAGISTRATE JUDGE