**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH De FELICE, ALEXI ZUNIGA, JACKIE MALCOMB, AND JAMES MAMULA;<br><br>    Plaintiffs,<br><br>vs.<br><br>CHUGACH MAINTENANCE SERVICES, INC.; MIKE COWART; TOBY COWART; LORI FROST; MEL LYNCH; RICK TATE;<br><br>    Defendants. | 1:06-CV-0048 AWI GSA<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR STAY**<br><br>[Doc. 56] |

      This is a civil action proceeding on the amended complaint filed April 24, 2006, alleging wrongful termination, retaliation for employees protesting unsafe or unhealthy working conditions, fraud and deceit, breach of implied covenant, and breach of oral contract of employment. Pending before the court is Plaintiffs' motion to stay the entire case. The United States has joined in this motion.

This case was originally filed in Kern County Superior Court in April 2005. It has thus been pending for more than two years. Defendants removed the case to federal court in January 2006, and then moved to strike and dismiss the complaint. The court granted in part and denied in part the motion. In April 2006, Plaintiffs filed the first amended complaint on which the case now proceeds. The scheduling conference in this case was rescheduled five times, after which the court granted Plaintiffs' former counsel's motion to withdraw. The scheduling conference was finally held on April 19, 2007. The motion to stay was filed on May 29, 2007.

The Court of Appeals for the Ninth Circuit has explained the applicable standard as follows:

> The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. Federal Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir.1989); Securities & Exchange Comm'n v. Dresser Indus., 628 F.2d 1368, 1375 (D.C.Cir.), cert. denied, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." Dresser, 628 F.2d at 1374. "Nevertheless, a court may decide in its discretion to stay civil proceedings ... 'when the interests of justice seem [ ] to require such action.' " Id. at 1375 (quoting United States v. Kordel, 397 U.S. 1, 12 n. 27, 90 S.Ct. 763, 769 n. 27, 25 L.Ed.2d 1 (1970)).
>
> The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made "in light of the particular circumstances and competing interests involved in the case." Molinaro, 889 F.2d at 902. This means the decisionmaker should consider "the extent to which the defendant's fifth amendment rights are implicated." Id. In addition, the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. Id. at 903.

Keating v. Office of Thrift Supervision, 45 F.3d 322, 324-25 (9th Cir. 1995).

The court has considered the United States' and Plaintiffs' request for a stay of this action, and has carefully weighed the above five factors. Because much of the relevant material has been filed under seal, the court will not detail its analysis of those factors.

However, the court finds that the factors weigh in favor of granting the stay.

Accordingly, IT IS HEREBY ORDERED as follows:

1) Plaintiffs' motion for a stay of this case is GRANTED;

2) All proceedings in this case are STAYED pending further order of this court;

3) All dates presently calendared in this case are VACATED;

4) Plaintiffs SHALL FILE a notice with the court on or before five days following completion of the related criminal proceedings.

IT IS SO ORDERED.

**Dated:   October 29, 2007**             /s/  William M. Wunderlich
                                       UNITED STATES MAGISTRATE JUDGE