1  Mark E. Terman (CA State Bar #: 116294)
   markterman@reish.com
2  Pascal Benyamini (CA State Bar #: 203883)
   pascalbenyamini@reish.com
3  **REISH & REICHER**
   11755 Wilshire Boulevard, 10th Floor
4  Los Angeles, CA 90025-1539
   Telephone Number: (310) 478-5656
5  Facsimile Number: (310) 478-5831

**FILED**

APR 6 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                  DEPUTY CLERK

6  Attorneys for Defendants CHUGACH ALASKA CORPORATION,
   CHUGACH MANAGEMENT SERVICES, INC.,
7  MEL LYNCH, MICHAEL COWART, TOBY COWART,
   LORI FROST AND RICK TATE

8

9  **UNITED STATES DISTRICT COURT**

10  **EASTERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12  JOSEPH DE FELICE, ALEXI ZUNIGA, JACKIE MALCOMB, AND JAMES MAMULA | CASE NO.: 1:06-cv-0048 AWI (GSA) |
| 13 | |
| 14        Plaintiff(s), | **STIPULATION AND ORDER** |
| 15  vs. | |
| 16  CHUGACH ALASKA CORPORATION, INC., CHUGACH MANAGEMENT SERVICES, INC., MEL LYNCH, MICHAEL COWART, TOBY | |
| 17  COWART, LORI FROST AND RICK TATE, | |
| 18        Defendants. | |

19

20        IT IS HEREBY STIPULATED by and between Plaintiffs Alexi Zuniga, Jackie Malcomb and

21  James Mamula (collectively "Plaintiffs") through their attorneys of record, and Defendants Chugach

22  Alaska Corporation, Inc. ("CAC"), Chugach Management Services, Inc. ("CMSI"), Mel Lynch,

23  Michael Cowart, Toby Cowart, Lori Frost, and Rick Tate (the "Individual Defendants") through their

24  attorneys of record, as follows:

25  1.        Individual Defendants Mel Lynch, Michael Cowart, Toby Cowart, Lori Frost, and Rick Tate

26  shall be dismissed from this action with prejudice, in accordance with the Mutual Release Agreement

27  attached hereto as Exhibit A.

28  2.        CMSI agrees to assume the liability, if any is proven, for the acts and omissions of the

1

1  Individual Defendants as alleged in the second amended complaint; provided, however that such
2  assumption shall not create any claim or cause of action against CMSI other than those alleged in the
3  second amended complaint.

4  3.  Defendant CAC shall be dismissed from this action without prejudice.  Plaintiffs and CAC
5  shall each bear their own attorneys' fees and costs. If Plaintiffs obtain a final judgment or settlement
6  in this action against CMSI (including for any damages, penalties, attorneys' fees, costs and
7  expenses), then until such final judgment is fully satisfied or settlement is fully paid by or on behalf of
8  CMSI, Plaintiffs' dismissal of CAC shall not act as a waiver of any rights Plaintiffs may have against
9  CAC, and CAC shall not assert any statute of limitations, estoppel, waiver, or similar defenses if
10  Plaintiffs pursue recovery against CAC.

11  4.  Remaining defendant CMSI shall not move to dismiss under Federal Rules of Civil Procedure
12  12(b), (c), (e) or (f) any of the claims or causes of action set forth in the Plaintiffs' second amended
13  complaint and shall file an answer to the second amended complaint no later than twenty days after
14  the Court's approval and filing of this Stipulation.

15  April 5, 2010                    HIRST & CHANLER LLP

16
17                                By: /s/ Michael A. Hirst
                                  MICHAEL A. HIRST
                                  LESLIE S. GUILLON
18                                Attorneys for Plaintiffs ALEXI ZUNIGA, JACKIE
                                  MALCOMB and JAMES MAMULA
19

20  April 5, 2010                    REISH & REICHER

21
22                                By: /s/ Mark E. Terman
                                  MARK E. TERMAN
23                                PASCAL BENYAMINI
                                  Attorneys for Defendants
24                                CHUGACH ALASKA CORPORATION,
                                  CHUGACH MANAGEMENT SERVICES, INC.,
25                                MEL LYNCH, MICHAEL COWART, TOBY
                                  COWART, LORI FROST AND RICK TATE
26
27
28

1                                      **ORDER**

2      IT IS SO ORDERED.

3

4   Dated: _4-5-10_

                                    HONORABLE ANTHONY W. ISHII

5                                     UNITED STATES DISTRICT COURT

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# EXHIBIT A

## MUTUAL GENERAL RELEASE AGREEMENT

Alexi Zuniga, Jacquelyn Malcomb, and James Mamula (collectively "Plaintiffs") on one hand, and Mel Lynch, Lorrie Frost, Michael Cowart, Toby Cowart, and Rick Tate (collectively "Individual Defendants") on the other hand, agree:

1. This Agreement shall be effective as of the date a Court Order is issued dismissing United States District Court for the Eastern District of California, Case No. 1:06-cv-0048 AWI-GSA with prejudice against the Individual Defendants.

2. (a) Each Plaintiff, on behalf of themselves, their predecessors, agents, attorneys, insurers, successors, and assigns, completely and forever waives and releases, and promises never to assert, any and all claims against any or all of the Individual Defendants and such Individual Defendants' predecessors, agents, attorneys, insurers, successors, or assigns, including but not limited to, any claims arising from or related in any way to Plaintiffs' employment at Chugach Management Services, Inc. (b) Each Individual Defendant, on behalf of themselves, their predecessors, agents, attorneys, insurers, successors, and assigns, completely and forever waives and releases, and promises never to assert, any and all claims against any or all of the Plaintiffs and such Plaintiffs' predecessors, agents, attorneys, insurers, successors, or assigns, including but not limited to, any claims arising from or related in any way to Plaintiffs employment at Chugach Management Services, Inc.

3. Such released claims include, but are not limited to, any and all claims for damages of any kind or nature, under statutory, common law, or otherwise, attorneys fees, costs and expenses, whether now known or unknown, whether suspected or unsuspected and whether or not heretofore asserted, except those claims which by law the parties are precluded from waiving.

4. Each party acknowledges and agrees that the release they give to the other parties on executing this Mutual General Release Agreement applies to all claims for injuries, damages, or losses, real or personal (whether those injuries, damages, or losses are known or unknown, foreseen or unforeseen, patent or latent), that they may have against the other parties. Each party expressly WAIVES AND RELINQUISHES all rights and benefits which they have or may have under California Civil Code section 1542, which states as follows:

**"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

The Parties agree that this Agreement will remain in effect as a general release, notwithstanding any additional or different facts they may discover.

5. The parties expressly understand and agree that by executing this Mutual General Release

### [CONTINUED ON NEXT PAGE]

1 of 2

428592.1
428599.2

Agreement, no claims of any kind or nature whatsoever are released against Chugach Management Services, Inc., or Chugach Alaska Corporation.

6.    This Agreement may be modified or amended only by an agreement in writing signed by all of the parties hereto.

7.    This Agreement may be executed in several counterparts, each of which shall be deemed an original and all of which together shall constitute the Agreement notwithstanding the fact that all of the Parties have not been signatories either on the same date or to the same counterpart; provided, however, the Agreement shall not become effective until completely conforming counterparts have been signed by each of the Parties hereto. A facsimile or .pdf (or similar reliable electronic image) copy of the signed/initialed Agreement and/or counterpart shall be deemed the same as an original with ink signature/initials.

By: _____
    Alex Zuniga

By: _____
    Jacquelyn Malcomb

By: _____
    James Mamula

By: _____
    Mel Lynch

By: _____
    Lorrie Frost

By: _____
    Michael Cowart

By: _____
    Toby Cowart

By: _____
    Rick Tate


**APPROVED AS TO FORM AND CONTENT:**


By: _____
    Michael A. Hirst
    Leslie S. Guillon
    Attorneys for Plaintiffs

By: _____
    Mark E. Terman
    Pascal Benyamini
    Attorneys for Individual Defendants

428572.1
428599.2

Agreement, no claims of any kind or nature whatsoever are released against Chugach Management Services, Inc., or Chugach Alaska Corporation.

6.      This Agreement may be modified or amended only by an agreement in writing signed by all of the parties hereto.

7.      This Agreement may be executed in several counterparts, each of which shall be deemed an original and all of which together shall constitute the Agreement notwithstanding the fact that all of the Parties have not been signatories either on the same date or to the same counterpart; provided, however, the Agreement shall not become effective until completely conforming counterparts have been signed by each of the Parties hereto. A facsimile or .pdf (or similar reliable electronic image) copy of the signed/initialed Agreement and/or counterpart shall be deemed the same as an original with ink signature/initials.

By: _____     By: _____
       Alexi Zuniga                                      Jacquelyn Malcomb

By: _____     By: _____
       James Mamula                                    Mel Lynch

By: _____     By: _____
       Lorrie Frost                                        Michael Cowart

By: _____     By: _____
       Toby Cowart                                      Rick Tate

**APPROVED AS TO FORM AND CONTENT:**

By: _____     By: _____
       Michael A. Hirst                                 Mark E. Terman
       Leslie S. Guilton                                 Pascal Benyamini
       Attorneys for Plaintiffs                      Attorneys for Individual Defendants

623393.1
628599.2

Agreement, no claims of any kind or nature whatsoever are released against Chugach Management Services, Inc., or Chugach Alaska Corporation.

6.    This Agreement may be modified or amended only by an agreement in writing signed by all of the parties hereto.

7.    This Agreement may be executed in several counterparts, each of which shall be deemed an original and all of which together shall constitute the Agreement notwithstanding the fact that all of the Parties have not been signatories either on the same date or to the same counterpart; provided, however, the Agreement shall not become effective until completely conforming counterparts have been signed by each of the Parties hereto.  A facsimile or .pdf (or similar reliable electronic image) copy of the signed/initialed Agreement and/or counterpart shall be deemed the same as an original with ink signature/initials.

By: _____
     Alexi Zuniga

By: _____
     Jacquelyn Malcomb

By: _____
     James Mamula

By: _____
     Mel Lynch

By: _____
     Lorrie Frost

By: _____
     Michael Cowart

By: _____
     Toby Cowart

By: _____
     Rick Tate

**APPROVED AS TO FORM AND CONTENT:**

By: _____
     Michael A. Hirst
     Leslie S. Guillon
     Attorneys for Plaintiffs

By: _____
     Mark E. Terman
     Pascal Benyamini
     Attorneys for Individual Defendants

2 of 2

428592.1
428599.2

Agreement, no claims of any kind or nature whatsoever are released against Chugach Management Services, Inc., or Chugach Alaska Corporation.

6.      This Agreement may be modified or amended only by an agreement in writing signed by all of the parties hereto.

7.      This Agreement may be executed in several counterparts, each of which shall be deemed an original and all of which together shall constitute the Agreement notwithstanding the fact that all of the Parties have not been signatories either on the same date or to the same counterpart; provided, however, the Agreement shall not become effective until completely conforming counterparts have been signed by each of the Parties hereto.  A facsimile or .pdf (or similar reliable electronic image) copy of the signed/initialed Agreement and/or counterpart shall be deemed the same as an original with ink signature/initials.


By: _____          By: _____
        Alexi Zuniga                                        Jacquelyn Malcomb


By: _____          By: _____
        James Mamula                                     Mel Lynch


By: _Lonnie Frost_____          By: _____
        Lorrie Frost                                         Michael Cowart


By: _____          By: _____
        Toby Cowart                                       Rick Tate



**APPROVED AS TO FORM AND CONTENT:**


By: _____          By: _____
        Michael A. Hirst                                  Mark E. Terman
        Leslie S. Guillon                                  Pascal Benyamini
        Attorneys for Plaintiffs                       Attorneys for Individual Defendants

428592.1
428599.3

6.    This Agreement may be modified or amended only by an agreement in writing signed by all of the parties hereto.

7.    This Agreement may be executed in several counterparts, each of which shall be deemed an original and all of which together shall constitute the Agreement notwithstanding the fact that all of the Parties have not been signatories either on the same date or to the same counterpart; provided, however, the Agreement shall not become effective until completely conforming counterparts have been signed by each of the Parties hereto. A facsimile or .pdf (or similar reliable electronic image) copy of the signed/initialed Agreement and/or counterpart shall be deemed the same as an original with ink signature/initials.


By: _____
      Alexi Zuniga

By: _____
      James Mamula

By: _____
      Lorrie Frost

By: _____
      Toby Cowart


By: _____
      Jacquelyn Malcomb

By: _____
      Mel Lynch

By: _____
      Michael Cowart

By: _____
      Rick Tate


**APPROVED AS TO FORM AND CONTENT:**


By: _____
      Michael A. Hirst
      Leslie S. Guillon
      Attorneys for Plaintiffs

By: _____
      Mark E. Terman
      Pascal Benyamini
      Attorneys for Individual Defendants

Agreement, no claims of any kind or nature whatsoever are released against Chugach Management Services, Inc., or Chugach Alaska Corporation.

6.      This Agreement may be modified or amended only by an agreement in writing signed by all of the parties hereto.

7.      This Agreement may be executed in several counterparts, each of which shall be deemed an original and all of which together shall constitute the Agreement notwithstanding the fact that all of the Parties have not been signatories either on the same date or to the same counterpart; provided, however, the Agreement shall not become effective until completely conforming counterparts have been signed by each of the Parties hereto. A facsimile or .pdf (or similar reliable electronic image) copy of the signed/initialed Agreement and/or counterpart shall be deemed the same as an original with ink signature/initials.

By: _____
      Alexi Zuniga

By: _____
      Jacquelyn Malcomb

By: _____
      James Mamula

By: _____
      Mel Lynch

By: _____
      Lorrie Frost

By: _____
      Michael Cowart

By: _____
      Toby Cowart

By: _____
      Rick Tate

**APPROVED AS TO FORM AND CONTENT:**

By: _____
      Michael A. Hirst
      Leslie S. Guillon
      Attorneys for Plaintiffs

By: _____
      Mark E. Terman
      Pascal Benyamini
      Attorneys for Individual Defendants

428592.1
428559.2

Agreement, no claims of any kind or nature whatsoever are released against Chugach Management Services, Inc., or Chugach Alaska Corporation.

6.    This Agreement may be modified or amended only by an agreement in writing signed by all of the parties hereto.

7.    This Agreement may be executed in several counterparts, each of which shall be deemed an original and all of which together shall constitute the Agreement notwithstanding the fact that all of the Parties have not been signatories either on the same date or to the same counterpart; provided, however, the Agreement shall not become effective until completely conforming counterparts have been signed by each of the Parties hereto.  A facsimile or .pdf (or similar reliable electronic image) copy of the signed/initialed Agreement and/or counterpart shall be deemed the same as an original with ink signature/initials.

By: _____
    Alexi Zuniga

By: _____
    James Mamula

By: _____
    Lorrie Frost

By: _____
    Toby Cowart

By: _____
    Jacquelyn Malcomb

By: _____
    Mel Lynch

By: _____
    Michael Cowart

By: _____
    Rick Tate

**APPROVED AS TO FORM AND CONTENT:**

By: _____
    Michael A. Hirst
    Leslie S. Guillon
    Attorneys for Plaintiffs

By: _____
    Mark E. Terman
    Pascal Benyamini
    Attorneys for Individual Defendants

428592.1
428589.2